## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELIZABETH LOWE, *Individually*
*and on behalf of all Others similarly*
*situated,*

Plaintiff,

Case No:
216(b) Collective Action

v.

NEWQUEST LLC and
CIGNA CORPORATION,

Defendants.

---

## COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE OVERTIME WAGE SECTION OF THE FAIR LABOR STANDARDS ACT (FLSA)

---

Plaintiff, ELIZABETH LOWE, individually and on behalf of all other similarly situated persons employed as Sales Representatives from the period of March 2020 through the present who consent to their inclusion in this collective action herein sue Defendants: **NEWQUEST LLC and CIGNA CORPORATION**, (hereinafter referred to collectively as Defendants), pursuant to 29 U.S.C. § 216(b), of the Fair Labor Standards Act (the "FLSA") and states as follows:

1

## RECITATION OF FACTS

1.     The Plaintiff and the class of similarly situated current and former sales employees worked for Defendants under the various job titles of: Benefit Advisor, Sales Associate, Sales Lead Associate, or other various job titles who performed substantially the same job of a Sales Representative ("SR").

2.      The SR's primary function is to enroll Medicare recipients in health insurance plans of Defendants.

3.     From the beginning of her employment until the onset of the Covid 19 pandemic, Plaintiff and the putative class attempted to sell Defendants' products while away from Defendants' place of business.

4.     However, due to the Covid 19 pandemic, in approximately March 2020, Plaintiff and the putative class began working remotely from their homes and ceased performing outside sales activities.

5.     From that point until Plaintiff's last day of employment in  April 2021, Plaintiff's sales activities were conducted inside and from her home, and no longer outside or away from the office.

6.     In other words, before Covid 19, Plaintiff and the putative class were Outside Sales Representatives and were likely classified correctly as FLSA exempt, but, after March 2020 until Plaintiff's last date of

employment, she and all other SR strictly performed the work of Inside Sales Representatives ("ISR") which is widely concluded to be a non-exempt position under the FLSA.

7.      Plaintiff Lowe, and the putative class of similarly situated employees were not compensated for all hours worked over 40 in each and every work week, and were unlawfully misclassified as exempt employees in violation of the FLSA during this period of time.

8.      Defendants have improperly and willfully withheld and refused to pay Plaintiff and all ISR overtime wages and premiums for overtime hours worked and in violation of federal law.  Defendants' records will demonstrably show that Plaintiff, and all ISRs were working remotely from their homes such that Defendants cannot now and should not be able to claim any exemption to overtime pay, and that Defendants knew that their failure to pay overtime wages to SR was a willful violation of the FLSA.

9.      At minimum, Defendants acted with reckless disregard for their obligations to pay SR overtime premiums for all hours worked, and failed to accurately track and record SR's work hours pursuant to federal regulation 29 C.F.R. § 516.

10.     Defendants knew or should have known that after March 2020 when outside sales activities were suspended, that all SR were clearly no

longer outside sales representatives and their primary job duties no longer involved sales away from the office.

11.     Further, Plaintiff Lowe and all other SR do not meet the § 7(i) exemption requirements.   SRs clearly do not sell retail or retail services, and none of the SR earned bonuses or commissions which ever exceeded or equated to 51% or more of their total compensation for a representative period.

12.     Defendants have a comprehensive lead generation system such that sales representatives do not have to solely rely upon their own contacts and sources to generate sales.

13.     Defendants absolutely know that SR routinely worked overtime hours, as managers and supervisors had continued to require Plaintiff and SR to hit goals, meet quotas and the position required SR to work more than 40 hours per week to do so.

14.     Defendants have willfully failed to pay Plaintiff and all similarly situated employees in accordance with the Fair Labor Standards Act (FLSA).   Specifically, Plaintiff and similarly situated employees were not paid any premium for the overtime hours worked.  Plaintiff and the class of similarly situated employees did not and currently do not perform work that meets the definition of any exemption under the FLSA, and the

Defendants' pay practices are not only unfair, but unlawful under the FLSA.

15. In this pleading, "Defendants" means the named Defendants and any other subsidiary or affiliated and wholly owned corporation, organization or entity responsible for the employment practices complained of herein, (discovery may reveal additional defendants that should be included).

16. The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion. Plaintiff reserves all rights to plead in the alternative.

## Jurisdiction & Venue

*17.* This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. §1331*, since this action involves a federal question pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216 (b).*

18. This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

19. This Court has personal jurisdiction over the Defendants, because the Defendants operate substantial business in this district and the damages at issue occurred within this District, where Defendants maintained

an office in this district throughout the relevant time period.

20.    Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) because the Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this District as Plaintiff was hired from, supervised from and her work was directed by officers and managers from Defendants' Tampa, Florida office.

21.    The overtime wage provisions set forth in FLSA §207 apply to Defendants, as all Defendants collectively engage in interstate commerce under the definition of the FLSA.  Indeed, at all relevant times, Defendants engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA Sec. 203 as a common business enterprise.  Additionally, Defendants earned more than $500,000 in revenue during the years 2018 to 2020 and would so in 2021 as well.

## The Parties

### *Representative Plaintiff, Elizabeth Lowe*

22.    Elizabeth Lowe resides in Tampa, Florida.  She was first hired to work for Defendants in August 2019.

23.    Prior to March 2020, Plaintiff performed her job duties outside of her home and Defendants' place of business.

24.     Beginning in March 2020, in response to Covid 19, Plaintiff began to perform her work duties from her home.

25.     Before and after March 2020, Plaintiff's primary job duty was to enroll Medicare recipients in the health insurance plans of Defendants

26.     Plaintiff had no role in supervising or directing the work of SR or any other employees.

27.     When hired, Plaintiff, like all other SR was led to believe the position was a 40 hour per week job, and that he was being paid on a "salary basis" plus the eligibility to earn a monthly or quarterly bonus based upon hitting sales goals.

28.     Plaintiff earned a bonus, which was always for her and all other SR, a small percentage of their overall income.

29.     Plaintiff, and all other similarly situated employees are currently now or have previously been covered under FLSA §207 as employees.

30.     Plaintiff routinely worked more than 40 hours in her workweeks, with the knowledge of Defendants, and was never disciplined or warned for doing so, nor was she paid a premium for all such overtime hours worked.

*The Defendants*

31.    NEWQUEST, LLC (Newquest) is a Foreign Limited Liability Company and wholly owned subsidiary of CIGNA CORPORATION. At all times material hereto, Newquest operated from its fixed office located at 2701 North Rocky Point, Suite 800 Tampa, FL 33607, and may be served through its registered agent for service of process, at C T CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

32.    CIGNA CORPORATION (Cigna) is a Foreign Corporation and parent corporation of Newquest. At all times material hereto, operated through its subsidiary Newquest's fixed office located at 2701 North Rocky Point, Suite 800 Tampa, FL 33607, and may be served through its registered agent for service of process, at THE CORPORATION TRUST COMPANY, CORPORATION TRUST CENTER 1209 ORANGE ST, WILMINGTON, DE 19801.

33.    Upon information and belief, Defendant Cigna is a Joint employer within the meaning and definition of the FLSA as it created and enforces the unlawful pay practices complained of as well as manages and oversees its wholly owned subsidiary, and co-defendant, Newquest's operations and employment practices.

34.    Defendants are employers within the definition of the FLSA, as

they both have revenues exceeding $500,000 annually in all applicable time periods, are involved in interstate commerce, and employ thousands of employees across the U.S.

35.    Given turnover, Plaintiff estimates that the putative class of similarly situated sales representatives to be in the range of 500 persons who worked as SR within the preceding 3 years from the filing of this complaint.

**General Factual Allegations**

36.    This collective action arises from an ongoing, wrongful scheme by Defendants to willfully underpay and refuse to pay overtime wages to a class of workers, sales representatives, who Defendants knew, and knows still up through the filing of this complaint, routinely worked overtime hours without being paid.

37.    Defendants unlawful pay practice applicable to all inside sales representatives permitting non-exempt employees to suffer to work overtime hours without being paid a premium through a De Facto unwritten rule and turning a blind eye to the overtime hours of the sales representatives was designed to save many millions of dollars in labor costs and decrease expenses, all to the detriment of its sales representatives.

38.    Defendants no doubt made a calculated, willful decision to

refuse to pay overtime wages under the risk that even if someone or many eventually made a claim for overtime wages, they would have benefited financially from the additional work hours in terms of increased sales, and the fact that the statute of limitations would run on claims before many would even assert their rights under the FLSA.

39.    Despite being a publicly traded corporation, with employees throughout the United State of America, including numerous attorney's and general counsel relationships, and being subject to the requirements of the FLSA for perhaps decades, Defendants have blatantly, and willfully violated the FLSA by:  a) willfully refusing to pay overtime wages when they knew and were aware of employees working overtime hours; b) willfully permitting SR, who Defendants knew or should have known were non-exempt employees, permitted them to suffer to work off the clock without being paid the proper and lawful premium for all hours worked over 40 in each and every work week; and c) not recording the hours worked by SR.

40.    The FLSA does not require employees to have to "claim" or submit a claim for overtime hours as a condition for being paid for these hours, especially where the Defendants know, or should know, that employees are working overtime hours.

41.    Here, Defendants have maintained the application of a blind ignorance policy, and De Facto off the clock policy, and have throughout the preceding 3 years of the filing of this Complaint and currently as well, been well aware of their sales representatives, including Plaintiff, routinely working overtime hours without being paid for all hours worked.

**THE PUTATIVE CLASS**

42.    Plaintiff brings this suit individually, and on behalf of all similarly situated persons composed of the following Class members:

**PROPOSED PUTATIVE CLASS:**

**All persons working as Sales Representatives (SR) under the titles of: Benefit Advisor, Sales Associate, Sales Lead Associate or any other job title used to describe persons whose primary job duty was to enroll Medicare recipients in health insurance plans of NEWQUEST LLC and CIGNA CORPORATION, and who are currently employed or were previously employed with NEWQUEST LLC and CIGNA CORPORATION within the U.S. within the past three years preceding the filing of this lawsuit.**

**COLLECTIVE FACT ALLEGATIONS**

43.    At the time of this filing, numerous other members of the putative class seek to join this action and demonstrate that there are others similarly situated who seek to join and claim their overtime wages.

44.    Plaintiff is able to protect and represent the Collective or putative Class , and is willing and able, and consents to doing so.

11

45.   Plaintiff is a proper Class representatives of all those similarly situated as she was employed by Defendants under the title of Sales Lead Associate and because:   a) she solicited to enroll Medicare recipients into Defendants' insurance plans;  b) she was paid under the same common pay structure/plan applicable to all other sales representatives:  a base salary, with monthly bonuses and treated as exempt under the FLSA; c) she routinely worked overtime without being paid a premium for the hours worked, and d) is familiar with Defendants' policies, procedures and unlawful pay practices.

46.   Upon information and belief, Defendants may also now have, or had within the relevant 3 year class period, employed other sales representatives working from their homes or other offices in other states, which discovery may reveal all as well subject to a single common unlawful pay practice and the same job requirements.

47.   Upon information and belief, the sales representatives in the Tampa, Florida office, and in all other present and former offices and remote locations across the U.S., working under the various titles are all paid under a common pay plan and all were, subject to the same job requirements, and all were performing their job duties in similar manners pursuant to shared company policies and procedures.

48.     Similarly, all sales representatives were expected and required to perform their job duties and requirements according to the same national standards and uniform policies and procedures set by the Defendants applicable to all sales representatives, aside from any variances due to the specific products or services for the respective customer's produced and services the SR were soliciting for.

49.     From the beginning of her employment until the onset of the Covid 19 pandemic, Plaintiff and the putative class attempted to sell Defendants' products while away from Defendants' place of business.

50.     However, due to the Covid 19 pandemic, in approximately March 2020, Plaintiff and the putative class began working remotely from their homes and ceased performing outside sales activities.

51.     From that point until Plaintiff's last day of employment in April 2021, Plaintiff's sales activities were conducted inside and from her home, and no longer outside or away from the office.

52.     In other words, before Covid 19, Plaintiff and the putative class were Outside Sales Representatives and were likely classified correctly as FLSA exempt, but, after March 2020 until Plaintiff's last date of employment, she and all other SR strictly performed the work of Inside Sales Representatives ("ISR") which is widely concluded to be a

non-exempt position under the FLSA.

53.    All sales representatives within this class described herein were treated as hourly, non-exempt employees, or salaried exempt employees without the Defendants ever taking any individualized analysis of the employees' actual work performed under the FLSA testing the application of any exemptions relied upon.

54.    Defendants also willfully misled employees that they were salaried exempt employees and thus simply by that fact would not be paid for overtime hours and that the tracking of their work hours was not required nor necessary.

55.    Upon information and belief, Defendants paid employees a biweekly base pay as a salary, regardless of the actual hours worked even when under 40 hours, such as 39 or 38, etc.

56.    Defendants paid inside sales representatives either every 2 weeks, and paid out bonuses or commissions at the end of the month under a plan in which the base pay would always exceed the amount of bonuses.

57.    Thus, although Defendants did not actually institute a dedicated specific time tracking system, time clock or program just for the purpose of tracking employees work hours, (and clearly not one any employee could ever specifically and exactly know when they were reached the 40 hour

mark during a work-week such that they would be entitled to overtime pay), through the telephone login system, computer logins and other visual assessments, Defendants clearly knew which employees were working overtime hours and more hours than reported on time records.

58.    Defendants operated and managed the sales representatives in a highly pressurized and oppressive micro-management style, assessing their performance based upon minimum number of telephone calls in a day, and overall sales production quotas.

59.    The Defendants maintained a company-wide policy throughout the relevant class period of willfully refusing to pay overtime wages or any premium pay for overtime hours worked for sales representatives despite clear knowledge sales representatives have worked and continue to work overtime hours.

60.    Upon information and belief, all sales representatives are supervised by team leaders and other managers, who very closely monitor performance, scrutinize sales representatives and their performance, metrics, such as phone calls and production and report results to the corporate office under a structured, corporate controlled manner, and all of whom had knowledge of their teams working overtime hours.

61.    Defendants operate a micro-management policy for all sales

representatives, and they are warned weekly and monthly that their failure to meet sales or production quotas or goals, and telephone call quotas places them on disciplinary action and in jeopardy of eventual termination of employment.

62.    Defendants constantly pressured, intimidated and coerced Plaintiff and all sales representatives to work as many hours as necessary to meet quotas, goals, and daily telephone call requirements under threats of formal discipline and termination of employment.

63.    Defendants maintained a ***De Facto*** off the clock policy (although there technically was not a time clock system), in which sales representatives were told to focus on their bonuses rather than any overtime pay requirements of the FLSA, and placing them in fear of discipline and termination if they ever dared to submit a claim for overtime wages.

64.    Plaintiff and other sales representatives worked over 40 hours, they were not disciplined for doing so despite Defendants monitoring of their login and logout times on the telephone system.

65.    Further, Plaintiff and other Sales Representatives would advise their supervisor at team meetings of the hours they were working, thus placing them on notice of sales representatives likely to incur and be entitled to overtime pay.  Defendants simply turned a blind eye.

66.    At no time during the relevant time period did Defendants formally discipline sales representatives for working off the clock overtime hours.

67.    All sales representatives followed standardized company policies and procedures applicable to all, and aside from variances in the communications related to the specific products they were selling, all had uniform, standardized and common job requirements for working as sales representatives.

68.    The actual job requirements performed by the proposed class of Sales Representatives do not satisfy the elements of any exemptions within FLSA §213, whether as Benefit Advisor, Sales Associate, Sales Lead Associate or any other titles used to describe similar roles.

69.    All SR performed routine jobs whose primary job duty was to enroll Medicare recipients in health insurance plans of Defendants.

70.    Plaintiff, as well as the members of the putative class of similarly situated employees, routinely worked through part or all of their lunch breaks, and also performed other work incidental to their job at home.

71.    Pursuant to FLSA §207, Defendants, as the employer of Plaintiff and the class of similarly situated employees, were and are currently required to pay an overtime premium at one-half times each employee's

regular rate of pay for hours worked in excess of forty (40) hours per week, which must include the value of bonuses or commissions earned in the calculations.

72.    Defendants clearly knew or should have known, that these sales representatives do not satisfy any exemption, specifically: a) they fail the executive exemption as they do not supervise other employees, b) fail the administrative exemption as their primary job duty is sales and production, and does not involve the exercise of discretion and independent judgment in matters of significance affecting the company; c) are not outside sales representatives or engaged in retail sales; d) are not professionally exempt as the position does not require specialized education and training; e) are not subject to any FLSA exemptions and do not regularly perform exempt duties of an executive, administrative or professional employee.

73.    Moreover, having been operating sales departments and numerous offices in the US, has known of and clearly has been aware of lawsuits against other large companies for not properly compensating sales representatives properly pursuant to the FLSA.

74.    In order to meet sales quotas and maximize their bonus pay, Plaintiff and other sales representatives would routinely work as many overtime hours as they wished with the full knowledge, approval and

encouragement of sales Managers/Directors and officers of the Defendants.

75.    Defendants also were and are aware, that in order for sales representatives to meet 100% of the goals and quotas, sales representatives routinely had to work over 40 hours each week, and that the SR positions were not a 9-5, 40 hour per week position.

76.    Sales representatives were warned when falling short of quotas and or sales goals, that their jobs could be terminated and encouraged to work as many hours as necessary and possible to hit goals and quotas.

77.    Defendants did not maintain accurate and  reliable time records, as SR were not instructed to submit any timesheets or report their hours worked anywhere.

78.    All sales representatives were trained to perform their job duties and expected to perform their job duties in similar manners throughout their multiple offices, aside from the variances for the separate product lines.

79.    All sales representatives attended sales meetings during which the Defendants went over new procedures, policies and sales protocols and it was clear to Plaintiff this applied to all sales representatives employed by the Defendants.

80.    Defendants should be well aware that the FLSA requires the regular rate of pay calculation to include not only the base pay, but the

bonuses and commissions in the calculation; thus the overtime rates of the putative class must be based upon not just the base salary, but the commissions and bonuses as well.  See FLSA sections 778.108, 778.117, 778.208, 778.209.

81.    Evidence reflecting or demonstrating the precise number of overtime hours worked by Plaintiff and every member of the Class, as well as the applicable compensation rates, is in the possession of Defendants.

82.    However, and to the extent ESI records are unavailable, Plaintiff, and members of the Class, may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)*.

### COUNT I
### FLSA VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

83.    Plaintiff alleges and incorporates by reference all preceding paragraphs of this Complaint and fully restates and realleges all facts and claims herein.

84.    Defendants have willfully and intentionally engaged in a common corporate pattern and practice of violating the provisions of the

FLSA, by failing to compensate all sales representatives as required pursuant to the FLSA's overtime wage provision, Section 207.

85.     Plaintiff and the proposed class of similarly situated, comprised of all current and former persons who worked for Defendants as sales representatives, were denied overtime compensation pursuant to FLSA §207 as required to be paid by Defendants for all hours worked over 40 in each and every work week.

86.     Plaintiff and all those similarly situated are employees of Defendants during their time as contemplated by 29 U.S.C. § 203.

87.     Defendants do not, and cannot have a good faith basis for failing to pay Plaintiff and the class of sales representatives overtime pay, particularly here when they knew sales representatives were working overtime.

88.     Further, Defendants were aware and clearly knew Plaintiff and the sales representative position was a non-exempt position, subject to the time tracking requirements of the FLSA, and automatically required to pay any non-exempt employee overtime premiums when they knew or should have known such employees worked any time over 40 hours in a work week.

89.     Plaintiff, and the class of similarly situated, are thus entitled to an equal sum in overtime wages owed at rates of one and one half times their

regular rates of pay as liquidated damages. See *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

90.   Defendants knowingly and willfully failed to track the hours worked by Plaintiff and the class of similarly situated employees, composed of the Plaintiff's Class in violation of the FLSA and 29 CFR Part 576.

91.   Defendants suggested, encouraged and requested that all inside sales representatives work as many hours as they could to meet or exceed sales goals and quotas and had direct or constructive knowledge of sales representatives working overtime hours yet willfully chose not to compensate Plaintiff and the class of similarly situated.

92.   Again, the FLSA requires Defendants to pay the overtime wages when they know employees "worked" over 40 hours in any work week, and does not permit an employer to escape or nullify its obligations by placing the duty on the employee to formally submit the hours and make a claim for overtime pay.

93.   Defendants have failed to make, keep, and preserve accurate time records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment in violation of the FLSA 29 USC 201 *et. seq*., including 29 USC Sec. 211(c) and 215 (a).

94.   Defendants knew and had reason to know, that overtime wages

are to be paid at one and one half times the employees' regular rates of pay to include all compensation earned but, as a means to save hundreds of millions of dollars in labor costs, willfully chose to either misclassify the sales rep position as exempt or simply chose to institute policies, procedures and practices which both discouraged employees against making a claim for overtime pay and by not themselves paying overtime wages when they knew or should have known employees were working overtime without being paid for all hours worked.

95.    Here, Plaintiff and the sales representatives are not technically working "off the clock" as Defendants never had any time clock, but, Defendants did maintain a De Facto unwritten policy that the employees were expected to meet their quotas and goals regardless of the hours necessary or they would be fired.

96.    Again, Defendants were well aware that in order to meet quotas and goals, sales representatives would have to routinely or even occasionally work overtime hours, and that the sales rep position was simply not a 40 hour per week job.

97.    To summarize, Defendants have willfully and lacking in good faith, violated the FLSA by the following unlawful pay practices applicable to Plaintiff and the class of similarly situated employees by:  a) willfully

23

withholding payment of overtime wages when they knew or should have known Plaintiff and the class of sales representatives actually worked over 40 hours; b) misleading and falsely advising SR that they were not entitled to overtime pay; and c) not properly tracking and recording all work hours of sales representatives; and d) even when paying overtime wages, willfully underpaid employees by failing to include the value of bonuses earned in the regular rate and thus the overtime rates of pay.

98.    Alternatively, Defendants have willfully violated the FLSA by misclassifying sales representatives as exempt in violation of the FLSA, as similarly, no such exemption under the FLSA exists and they did not have a good faith basis for misclassifying any sales representative as exempt under the FLSA.

99.    Defendants have intentionally refused to notify their employees that it has violated the FLSA by not paying overtime wages in the past, and have intentionally misled employees about their rights under the FLSA as to past overtime wages for overtime hours worked and about entitlement going forward.

100.   As a result of Defendants willful violations of the FLSA, Plaintiff and the proposed putative class, composed of all other employees similarly situated, have suffered economic damages by Defendants' willful

failure to pay overtime compensation in accordance with FLSA §207 and unlawful pay practices.

101.   Due to Defendants' willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to *29 U.S.C. §255(a)*.

102.   As a result of Defendants' unlawful acts and pay practices complained of herein, Plaintiff and all other similarly situated present and former employees working as sales representatives under various job titles, have been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to *29 U.S.C. §216(b)*, as well as injunctive relief pursuant to *29 U.S.C. §217*.

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated past and present sales representatives who worked for Defendants in the 3 years preceding the filing of this complaint to the present, seek the following relief:

a.     Designation of this action as a collective action.

b.     That Plaintiff be authorized to give notice of this collective action, or that this Court issue such notice at the earliest possible time; to all past and present Sales Representatives employed by

NEWQUEST LLC and CIGNA CORPORATION at any time during the three (3) year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice for each respective class;

c.      Designate the Named Plaintiff as Representative of the Collective Class for purposes of engaging in mediation, with the authority to execute any Collective Class settlement agreement the parties might reach, which is subject to court approval, before making any such agreement binding.

d.      That all past and present sales representatives be informed of the nature of this collective action, and similarly situated employee's right to join this lawsuit if they believe that they were or are misclassified as an exempt employee;

e.      That the Court find and declare Defendants in violation of the overtime compensation provisions of the FLSA;

f.      That the Court find and declare Defendants' violations of the FLSA were and are willful;

g.      That the Court enjoin Defendants, under *29 U.S.C. § 217*, from withholding future payment of overtime compensation owed to members of the putative Class.

h.      That the Court award to Plaintiff and the Putative Class, comprised of all similarly situated employees, overtime compensation at a rate of one and one half time their regular rates of pay, including the value of all compensation earned, for previous hours worked in excess of forty (40) for any given week during the past three years AND liquidated damages of an equal amount of the overtime compensation, in addition to penalties and interest on said award pursuant to FLSA §216 and all other related economic losses;

i.      That the Court award Plaintiff and all other persons who opt into this action, recovery of their reasonable attorneys' fees and

costs and expenses of litigation pursuant to FLSA § 216, including expert fees;

j.      That the Court award Plaintiff a Class Representative service fee award for the justice sought out for so many and the services in this case as representative for the putative class and to the counsel;

k.      That the Court issue an order of judgment under 29 U.S.C 216-17, 28 U.S.C. 2201 and 2202 finding that the Defendants unlawfully and willfully violated the FLSA by failing to pay overtime wages and failing to properly and willfully failing to accurately record all hours worked of non-exempt employees, as well as issue an INJUNCTION barring the Defendants from further violating the FLSA;

l.      That the Court Award Pre-judgment and post-judgment interest, as provided by law, and;

m.      That the Court award any other legal and equitable relief as this Court may deem appropriate, including the value of underpaid matching funds in company pension or 401k plans.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: October 1,  2021

*/s/ Mitchell L. Feldman*
Mitchell L. Feldman, Esquire
Florida Bar No.:  080349
FELDMAN LEGAL GROUP

6916 W. Linebaugh Ave., Ste. #101
Tampa, FL  33625
Phone:  813-639-9366
Fax:  813-639-9376
mfeldman@flandgatrialattorneys.com
Secondary: mail@feldmanlegal.us
*Attorney for Plaintiff and*
*others similarly situated*