UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH LOWE,

    Plaintiff,

v.                                       Case No: 8:21-cv-2320-TPB-JSS

NEWQUEST, LLC and CIGNA
CORPORATION,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the parties' Joint Motion for Settlement Approval ("Motion"). (Dkt. 14.) On October 1, 2021, Plaintiff filed her Complaint against Defendants, alleging unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (Dkt. 1.) In this Motion, the parties seek the court's approval of a proposed settlement agreement ("Settlement Agreement"). (Dkt. 14.) The court held a hearing on the Motion on March 21, 2022. (Dkt. 17.) After reviewing the Motion and Settlement Agreement (Dkt. 14-1) and considering the parties' arguments during the hearing, the undersigned recommends that the Settlement Agreement be approved in part and the case be dismissed with prejudice.

**APPLICABLE STANDARDS**

Claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). Therefore, in any FLSA case, the court must review the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. When evaluating whether a compromise is fair and reasonable, the court may consider: (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorney's fees were agreed upon separately and without regard to the amount paid to the plaintiff. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**ANALYSIS**

This case involves disputed issues of liability and damages under the FLSA, which constitutes a bona fide dispute. (Dkt. 1.) Plaintiff alleges that she worked for Defendants from approximately August 2019 to April 2021 and during that time worked overtime hours for which she was not properly paid. (*Id.*) Defendants dispute Plaintiff's allegations. (Dkt. 14 at 2.) The undersigned therefore finds a bona fide dispute.

Under the proposed Settlement Agreement, Defendants agree to pay Plaintiff $3,500, designated by the parties as unpaid overtime compensation and liquidated

damages, and $5,500 in attorney's fees and costs. (Dkt. 14-1 at 1–2.) The parties represent that the attorney's fees and costs were addressed and negotiated separately from Plaintiff's recovery. (Dkt. 14 at 3.)

In FLSA cases, the court is required to review the reasonableness of counsel's fee to assure that counsel is compensated adequately and that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). However, if the matter of attorney's fees is addressed separately and independently from the plaintiff's recovery and the settlement appears fair, then the court may approve the settlement without separately considering the reasonableness of counsel's fees. *Bonetti*, 715 F. Supp. 2d at 1228; *see also Rezendes v. Domenick's Blinds & Decor, Inc.*, No. 8:14-cv-01401-T-33JSS, 2015 WL 4478138, at *2 (M.D. Fla. July 21, 2015) (applying the reasoning in *Bonetti*); *Thede v. B&D Waterblasting Co.*, No. 6:15-cv-00033-ORL-28GJK, 2015 WL 4590593, at *3 (M.D. Fla. July 28, 2015) (same). In light of counsel's representation, the undersigned finds that the attorney's fees and costs were addressed separately and independently of Plaintiff's recovery and the settlement appears fair.

In section 5(a) of the Settlement Agreement, the parties included a general release by Plaintiff of any past or present claims, known and unknown, asserted or unasserted against Defendants. (Dkt. 14-1 at 2.) Courts in this district routinely reject proposed FLSA settlements that include a general release of any and all claims a plaintiff may have against a defendant. *See Moreno v. Regions Bank*, 729 F. Supp. 2d

1346, 1348–53 (M.D. Fla. 2010) (finding that an agreement that includes a non-cash concession by an employee affects both the fairness and full compensation component of a settlement and thus rejecting a proposed settlement agreement containing a "pervasive release"); *Owens v. SSRMI, LLC*, No. 5:16-cv-15-OC-PGB-PRL, 2017 WL 2190646, at *2 (M.D. Fla. Apr. 28, 2017) ("[T]he unexplained inclusion of a general release in a FLSA settlement often results in a finding that the settlement is not fair and reasonable."). Therefore, the undersigned finds that the general release in section 5(a) of the Settlement Agreement is not permissible.

The Settlement Agreement also includes a release of individual remedies that may be recouped in an administrative claim and a class action waiver in sections 5(c) and 5(d). (Dkt. 14-1 at 3.) The release of individual remedies provides:

> Nothing in this Agreement prohibits or prevents [Plaintiff] from a filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency. … However, to the maximum extent permitted by law, [Plaintiff] agrees that if such an administrative claim is made, [Plaintiff] shall not be entitled to recover any individual monetary or otherwise individual remedies.

(*Id.*) The class action waiver provides:

> If any claim is not subject to release, to the extent permitted by law, [Plaintiff] waives any right or ability to be a class or collective class action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which [Defendants are] a party.

(*Id.*)  These provisions do not include any tether to Plaintiff's employment, any temporal limitation, or any other connection to Plaintiff's FLSA claims.  Additionally, during the hearing, the parties stated that these provisions are not supported by separate consideration.

Courts will not approve FLSA settlement agreements that include a "gratuitous concession in exchange for the required payment."  As explained by the court in *Moreno v. Regions Bank*, a gratuitous concession by the employee is unfair because "(1) the FLSA obligates the employer without exception or condition to pay the full amount owed [under the FLSA] and (2) a valuable, non-cash concession extended to the employer in exchange for otherwise 'full compensation' effectively reduces the employer's payment by an amount equal to the value of the concession (and accordingly reduces the employer's payment to less than 'full compensation')." *Moreno*, 729 F. Supp. 2d at 1348–49.  This issue typically arises in the context of a general or pervasive release, wherein an employee plaintiff relinquishes any and all claims against an employer defendant, known or unknown, as above.  The court explained in *Moreno* why a broad release is problematic in a FLSA settlement:

> The general release is usually an instrument to ensure peace of mind to the employer's otherwise worried mind. In the occasional case, however, an unknown claim accrues to the employee. For example, suppose an employee of a widget factory sues the employer for unpaid wages, the parties settle for $500.00, and the employee agrees to a pervasive release. Years later, the employee discovers that a chemical used to manufacture widgets has caused serious injury. In this instance, the employee's release of the unknown claim (if effective) both confers an undeserved and disproportionate benefit on the employer and effects an

> unanticipated, devastating, and unfair deprivation on the employee. The release absolves the employer of an ominous contingent liability in exchange for $500.00 (which, in any event, the employer unconditionally owed to the employee).
>
> An employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled. In effect, the employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim.

*Id.* at 1351. The individual remedies release and class action waiver in the instant Settlement Agreement accomplish the same purpose and present the same problem described in *Moreno*: Defendants receive peace of mind, but Plaintiff "gambles" by exchanging unknown rights for a sum to which she is already entitled. These waivers in the Settlement Agreement could encompass a myriad of yet unknown claims Plaintiff may have against Defendants. As such, the individual remedies release and class action waiver would bestow an improper benefit upon Defendants. *See Emrani v. Fairfield Fam. Care, LLC*, No. 3:17-cv-00981 (VAB), 2017 WL 6347978, at *3 (D. Conn. Nov. 21, 2017) (concluding that a broad class action waiver implicated "the same concerns" as a general release). Notably, some courts have approved broad releases or waivers where the plaintiff received separate consideration in exchange for the release. *See Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-00079-ORL-37TBS, 2014 WL 4385593, at *1, 4 (M.D. Fla. Sept. 4, 2014) (approving FLSA settlement with a general release because the plaintiffs received independent compensation in exchange for the general release). However, the parties did not identify any

consideration to Plaintiff allocated for these provisions. Accordingly, the undersigned finds that sections 5(c) and 5(d) are not permissible.

Similarly, the Settlement Agreement contains a non-disparagement clause and confidentiality clause. (Dkt. 14-1 at 5, 6.) "Courts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them." *Weldon*, WL 4385593, at *4. "Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-cv-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013); *see Garcia v. Regis Corp.*, No. 6:15-cv-1621-ORL-GJK, 2016 WL 11578475, at *4 (M.D. Fla. Mar. 28, 2016) (striking sentence that would preclude the plaintiff from defaming or disparaging the defendant). However, as noted above, courts may find such non-cash concessions enforceable where they are supported by additional consideration. *Weldon*, WL 4385593, at *4. In this case, the parties explained during the hearing that the non-disparagement clause was not supported by separate consideration, but that the parties allocated the sum of $500 in exchange for the confidentiality provision (Dkt. 14-1 at 5–6). As such, the undersigned finds that the non-disparagement clause is not permitted but the confidentiality provision may remain.

The Settlement Agreement contains a severability provision under which the agreement may be enforced notwithstanding a court's determination that a provision is void. (Dkt. 14-1 at 6.) *See Viera v. FTS USA, LLC*, No. 6:14-cv-734-ORL-41GJK,

2018 WL 1139058, at *2 (M.D. Fla. Mar. 2, 2018) (striking confidentiality provision but approving settlement agreement). However, the severability clause in the proposed Settlement Agreement explicitly excepts the general release clause from the provision. (Dkt. 14-1 at 6.) Notwithstanding, during the hearing, the undersigned explained to the parties the legal issues relating to the general release provision. The undersigned advised of its intent to recommend that the court strike the general release provision from the agreement and otherwise approve the proposed Settlement Agreement. The parties had no objections. Therefore, the undersigned recommends that the court strike from the Settlement Agreement the provisions that are void or unenforceable, including the general release, individual remedies release, class action waiver, and non-disparagement clause, and otherwise approve the settlement. *See, e.g.*, *Holley v. Sebek Kirkman LLC*, No. 6:15-cv-1626-ORL-40GJK, 2016 WL 3247589, at *5 (M.D. Fla. May 26, 2016), *report and recommendation adopted*, No. 6:15-cv-1626-ORL-40GJK, 2016 WL 3231232 (M.D. Fla. June 13, 2016) ("[P]ursuant to the severability clause, the Court may strike the Plaintiff's general release, the confidentiality provision, and the mutual non-disparagement covenant from the Agreement without impacting the enforceability of the remainder of the Agreement.").

Accordingly, it is **RECOMMENDED** that:

1. The Joint Motion for Approval of FLSA Settlement (Dkt. 14) be **GRANTED IN PART** and **DENIED IN PART** to the extent stated herein.

2. The Settlement Agreement and Release (Dkt. 14-1) be **APPROVED**, with the exception of the general release (section 5(a)), individual remedies release (section 5(c)), class action waiver (section 5(d)), and non-disparagement clause (section 6(i)).

3. The general release, individual remedies release, class action waiver, and non-disparagement clause of the Settlement Agreement be **STRICKEN**.

4. Plaintiff's claims against Defendants be **DISMISSED** with prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on May 11, 2022.

                                                        JULIE S. SNEED
                                      UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record